## For-Most Services, Inc. v. Holzapfel

*Patrick J. Rega*, for plaintiff.
*Samuel L. Rodgers* and *Michael E. Kusturiss*, for defendant.

DiSALLE, *J.*, September 5, 1975—We have before us a complaint in equity to which preliminary objections have been filed.

The complaint alleges that in April of 1972, plaintiff and defendant entered into a written agreement, under the terms of which plaintiff would purchase certain installment sales contracts obtained by defendant in connection with defendant's sale and financing of mobile homes. It is alleged that, on at least seven occasions, defendant offered and plaintiff purchased installment sales contracts pursuant to the terms of the written agreement. The complaint further states that, according to the agreement, all transactions between the parties were to be based upon the manufacturer's invoices for the mobile homes, but that defendant fraudulently altered and changed the manufacturer's invoices in each of the seven instances so that the amounts for which the manufacturer had originally billed defendant were increased. Plaintiff claims that, as a result of these alleged alterations, it was required to secure insurance in an amount in excess of the manufacturer's invoices, and that, in the event of default on any of the paper which it has purchased, it would be exposed to a risk greater than originally contemplated. It claims that by reason of all this, it has suffered damages by reason of the payment of inflated insurance premiums and inflated commissions and, further, that, in the event of default, it will be exposed to claims for deficient insurance coverage. Plaintiff asks that we create a special fund in order to insure it against any potential loss which it may incur, that we

award damages for deceit and that we award punitive damages.

The preliminary objections are in the nature of a demurrer and motion for a more specific pleading. In our opinion, the demurrer should be sustained.

It is clear that if plaintiff has suffered monetary damage by reason of the payment of inflated insurance premiums and by the payment of inflated commissions to defendant, then plaintiff has an adequate remedy at law. It is also clear that if plaintiff will incur damages on any of the paper which it purchased, by reason of any default thereon, the law will afford plaintiff an adequate remedy. (It is to be noted that although this action was filed in 1973 and argued almost two years later, plaintiff has not amended its complaint to allege any such defaults.) We note further that plaintiff has not asked this court to enjoin any future alterations of invoices. In sum, it seems that there are adequate remedies for all of the claims which plaintiff asserts.

Ordinarily, we would certify this matter to the law side of the court. However, we are not at all sure that an actual case or controversy exists here. It has long been the law that, in the absence of an actual controversy, the court will not assume jurisdiction: 11 P.L.Encyc., Declaratory Judgment, §5, p. 372. In the instant case, plaintiff admits that it does not know if any defaults have occurred, does not know whether it has suffered any loss and, if so, what the loss might be. Plaintiff asks for extraordinary relief by way of the creation of a special fund to protect it against potential claims which have not yet materialized and which would be purely speculative, but has cited no authority to support our doing so. Accordingly, the complaint is dismissed and exception noted to plaintiff.